## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BRAD SPRAGUE,

        Plaintiff,

  v.

ILLINOIS STATE POLICE, LEO P.
SCHMITZ, Director, JAMES WINTERS,
CHRISTOPHER TRAME, and DARRYL
BOGARD, in their official and individual
capacities, and the STATE OF ILLINOIS,

        Defendants.

Case No. 18-CV-02989
Honorable Judge Ruben Castillo

Plaintiff Demands Trial by Jury

### FIRST AMENDED COMPLAINT

Plaintiff BRAD SPRAGUE ("Sprague"), through his undersigned counsel, complaining against Defendants, ILLINOIS STATE POLICE, LEO P. SCHMITZ, Director JAMES WINTERS, CHRISTOPHER TRAME, and DARRYL BOGARD, in their official and individual capacities, and the STATE OF ILLINOIS, states as follows:

1.    Plaintiff brings this action to redress violations of Title VII of the Civil Rights Act for race discrimination (Count I); violations of Title VII of the Civil Rights Act for retaliation (Count II); violations of the Age Discrimination in Employment Act ("ADEA"), as amended, pursuant to 29 U.S.C. § 621 *et seq.* (Count III); and violations of the Equal Protection Clause to the United States Constitution pursuant to 42 U.S.C. § 1983 for race discrimination (Count IV).

**Jurisdiction and Venue**

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

**Parties**

4.      Plaintiff Sprague has been employed with the Illinois State Police since November 1995.

5.      Plaintiff is Caucasian.

6.      Plaintiff is also over 40 years of age.

7.      Defendant ILLINOIS STATE POLICE ("ISP") is a municipal body incorporated under the laws of the State of Illinois, and administers itself through the State of Illinois.

8.      Defendant LEO P. SCHMITZ ("Schmitz") is sued in his official and individual capacity. Defendant Schmitz served as the Director of the ISP during the relevant times alleged herein.

9.      Defendant Schmitz has final policy making authority and/or was delegated with final policy making authority as the Director.

2

10. Defendant Schmitz acted under color of law.

11. Defendant JAMES WINTERS ("Winters") is sued in his official and individual capacity. At all times relevant herein, Defendant Winters was a Lieutenant Colonel for the Illinois State Police.

12. Defendant Winters was delegated with final policy making authority with regard to his acts and conduct alleged herein.

13. Defendant Winters acted under color of law.

14. Defendant CHRISTOPHER TRAME ("Trame") is sued in his official and individual capacity. At all times relevant herein, Defendant Trame was a Lieutenant Colonel for the Illinois State Police.

15. Defendant Trame was delegated with final policy making authority with regard to his acts and conduct alleged herein.

16. Defendant Trame acted under color of law.

17. Defendant DARRYL BOGARD ("Bogard") is sued in his official and individual capacity. Defendant Bogard is a Captain for the Illinois State Police, and acted as the District Commander for District 5 during all times relevant herein.

18. Defendant Bogard was delegated with final policy making authority with regard to his acts and conduct alleged herein.

19. Defendant Bogard acted under color of law.

20. Defendant Captain Bogard is African American.

21.     The State of Illinois is sued as indemnitor and for injunctive and equitable relief for which there is no immunity.

## Administrative Proceedings

22.     On June 26, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon his race and age, and retaliation.

23.     On January 29, 2018, Plaintiff received a notice of right to sue from the EEOC on his charge.

24.     Plaintiff has timely filed this complaint within 90 days of the receipt of the Notice of Right to Sue.

## Facts Upon Which Claims Are Based

25.     In November of 1995, Plaintiff was hired by the Illinois State Police as a State Trooper.

26.     In or about November of 2007, Plaintiff became a Fleet Officer for District 5.

27.     In or about April 2012, Plaintiff tested for and was promoted to Sergeant.

28.     At all relevant times, Plaintiff satisfactorily performed his duties as a Sergeant with the Illinois State Police.

29.     In or about January 2015, Plaintiff was assigned as the Acting Master Sergeant on the afternoon shift.

30.     In or about October 2015, Plaintiff was removed as the Acting Master Sergeant because another Master Sergeant transferred into District 5.

31.     In or about January 2016, Plaintiff was again assigned Acting Master Sergeant on the afternoon shift because there was a vacancy and because Plaintiff was qualified to serve in the position of Master Sergeant.

32.     In or about March 2016, there was a posting for an open promotion to Master Sergeant.

33.     Plaintiff had tested for the merit rank promotion to Master Sergeant and made the certified promotion list to be promoted.

34.     In or about March 2016, Plaintiff interviewed for the promotion to Master Sergeant.

35.     Plaintiff was told by one of the interviewers that he did excellent during the interview and did not need to change anything.

36.     Plaintiff was one of two top candidates for the promotion. The other top candidate was also Caucasian.

37.     The certified promotion list is valid for 2 years, and promotions must be made off of the promotion list.

38.     Defendant Captain Bogard, as a Captain over District 5, had final decision making authority as to who was and was not promoted for his District.

39.     In or about March 2016, Defendant Bogard told Plaintiff that he was not selected for the Master Sergeant position, but did not give Plaintiff a reason as to why he was not promoted at that time.

40.     Plaintiff also still remained in the Acting Master Sergeant position.

41.     In or about late March 2016, Plaintiff met with Defendant Bogard to discuss why he was not promoted to Master Sergeant, even though he was highly qualified for the promotion. Defendant Bogard did not give Plaintiff a reason at that time.

42.     On or about March 23, 2016, Defendant Bogard submitted a memorandum to Defendant Lieutenant Colonel Winters stating that he was requesting "District 5 not fill the vacant [Master Sergeant] position despite having 'Highly Qualified Candidates,'" referring to Plaintiff and another Caucasian male over 40 years of age.

43.     In the March 23, 2016 memorandum, Defendant Bogard requested that the vacant Master Sergeant position not be filled to prevent Plaintiff from being promoted to Master Sergeant for discriminatory reasons.

44.     Defendant Bogard again requested that the open promotion position not be filled and did not select Plaintiff for promotion to Master Sergeant because of Plaintiff's race (Caucasian).

45.     Defendant Bogard again requested that the open promotion position not be filled and did not select Plaintiff for promotion to Master Sergeant because of Plaintiff's age (over 40).

46.     Defendants ISP, Winters, and Schmitz were aware of and condoned, tolerated, and/or turned a blind eye to Defendant Bogard's discriminatory practices, and failed to take effective remedial action to ensure that discrimination did not occur in the work place.

47.     Defendants ISP, Winters, and Schmitz approved of Defendant Bogard withdrawing the open promotion to Master Sergeant despite the fact that Plaintiff was highly qualified for the promotion by Defendant Bogard's own admissions in the memorandum.

48.     Defendants ISP, Winters, and Schmitz would never have allowed the Captain to withdraw a promotion if the candidate had been non-Caucasian.

49.     In or about August 2016, there was another posting for an open promotion to Master Sergeant.

50.     Interviews were conducted off of the same certified promotion list.

51.     One of the persons on the interview panel stated that Plaintiff and the other Caucasian male were highly qualified for the promotion.

52.     Defendant Bogard told the Region Commander that he did not want to promote Plaintiff or the other Caucasian male even though both were highly qualified for the promotion.

53.     On or about August 30, 2016, Defendant Bogard told Plaintiff that he was not going to promote Plaintiff to the Master Sergeant position.

54. When Plaintiff asked Defendant Bogard why he was not promoted to Master Sergeant, Defendant Bogard told him in effect: "I wish you had as good communication skills with everything else as you did when you are teaching," and told Plaintiff that he "protects his people too much," referencing Plaintiff standing up for a female trooper that was being discriminated against.

55. On or about August 30, 2016, Defendant Bogard wrote a memorandum to the Lieutenant Colonel stating that he was requesting "District 5 not fill the vacant [Master Sergeant] position despite having 'Highly Qualified Candidates,'" again referring to Plaintiff and another Caucasian male over 40 years of age.

56. Defendant Bogard withdrew the open Master Sergeant promotion to prevent the two Caucasian males from being promoted, despite the fact that they were highly qualified, which Defendant Bogard admitted.

57. Defendant Bogard again requested that the open promotion position not be filled and did not select Plaintiff for promotion to Master Sergeant because of Plaintiff's race (Caucasian).

58. Defendant Bogard again requested that the open promotion position not be filled and did not select Plaintiff for promotion to Master Sergeant because of Plaintiff's age (over 40).

59. There was never a time, at least in the last 20 years, that an open promotion was not filled and was withdrawn twice back-to-back.

60.     Defendants ISP, Trame, and Schmitz were aware of and condoned, tolerated, and/or turned a blind eye to Defendant Bogard's discriminatory practices, and failed to take effective remedial action to ensure that discrimination did not occur in the work place.

61.     Defendants ISP, Trame, and Schmitz approved of Defendant Bogard withdrawing the open promotion to Master Sergeant despite the fact that Plaintiff was highly qualified for the promotion by Defendant Bogard's own admissions in the memorandum.

62.     Defendants ISP, Trame, and Schmitz would never have allowed the Captain to withdraw a promotion if the candidate had been non-Caucasian.

63.     On or about August 31, 2016, Defendant Bogard with the knowledge, consent, and acquiescence of Defendants ISP, Trame, and Schmitz, removed Plaintiff from the Acting Master Sergeant position, even though he was highly qualified for that position and satisfactorily performing the duties.

64.     Following Defendant Bogard removing Plaintiff from the Acting Master Sergeant position and after having been denied the promotion to Master Sergeant, Plaintiff complained to his commanding officer, Major Steve Loan, that he believed that Defendant Bogard was discriminating against him.

65.     In or about September 2016, Defendant Bogard changed the Table of Organization for District 5 to remove the Master Sergeant position because he did not want to have to promote Plaintiff or the other Caucasian male to that position.

66.     On or about October 6, 2016, Plaintiff again complained to his commanding officers that he felt he was being discriminated against.

67.     On or about October 19, 2016, Plaintiff contacted the ISP Equal Employment Office ("EEO") and made a complaint of discrimination.

68.     In October 2016, Plaintiff again tested for the certified promotional list to Master Sergeant, and made the list.

69.     In or about January 2018, Defendants again posted for an open Master Sergeant position.

70.     Plaintiff interviewed for the position.

71.     Plaintiff was again told after the interview that he was highly qualified for the promotion to Master Sergeant.

72.     Defendant Bogard selected a candidate for the promotion to Master Sergeant that was less qualified than Plaintiff and was younger than Plaintiff and non-Caucasian.

73.     Plaintiff is far more qualified than the individual that Defendant Bogard selected to be promoted to Master Sergeant in January 2018.

74.     Plaintiff is far more qualified than others that were promoted to Master Sergeant by other Commanders or Captains.

75.     Despite Plaintiff's complaints of discrimination by Defendant Bogard, all Defendants have failed to remedy the discriminatory practices.

76.     Defendants ISP, Schmitz, Winters, and Trame condoned, tolerated, and/or turned a blind eye to Defendant Bogard's discriminatory practices, and failed to take effective remedial action to ensure that discrimination and retaliation did not occur in the work place.

77.     Upon information and belief and based on admissions by Defendants' command staff, there have been other complaints of discrimination and Bogard, and Defendants ISP, Schmitz, Winters, and Trame have failed to discipline or terminate Defendant Bogard, despite his discriminatory and retaliatory practices.

78.     After Plaintiff complained about Defendant Bogard's discriminatory practices, he was retaliated against, including having his shift changed to a less desirable shift, and being denied other promotions to Master Sergeant.

79.     Plaintiff filed a charge of discrimination and retaliation with the EEOC as a result of Defendants' discriminatory and retaliatory practices and failure to promote Plaintiff to the Master Sergeant position because of his race and age.

## COUNT I

### (Title VII – Race Discrimination
### v. ISP)

80.     Plaintiff restates and realleges by reference paragraphs 1 through 79 above as though fully set forth herein.

81.     The actions of Defendant ISP as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have

the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his race, in violation of Title VII.

82.     Defendant has engaged in a policy, pattern, and practice of discrimination based on race.

83.     Defendants intentionally discriminated against Plaintiff based on his race by denying him equal opportunities, including but not limited to: being denied promotions.

84.     Defendants treated similarly situated non-Caucasian officers better than Plaintiff because of their race.

85.     The actions of Defendants in intentionally discriminating against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.      All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.      Compensatory damages in an amount to be determined at trial;

C.      A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D.      A permanent injunction requiring Defendants to promote Plaintiff to Master Sergeant;

E.    A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII;

F.    The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

G.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

H.    Such other relief as the Court may deem just or equitable.

## COUNT II

### (Title VII – Retaliation
### v. ISP)

86.    Plaintiff restates and realleges by reference paragraphs 1 through 79 above as though fully set forth herein.

87.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of retaliating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his complaints of discrimination, in violation of Title VII.

88.    Defendant has engaged in a policy, pattern, and practice of retaliating against employees who complain of discrimination.

89.    Defendants intentionally retaliated against Plaintiff because of his complaints by denying him equal opportunities, including but not limited to: having his

13

shift changed, being removed form the Acting Master Sergeant position, and being denied promotions to Master Sergeant after he complained.

90.     Defendants treated similarly situated males better than Plaintiff because of his complaints of discrimination.

91.     The actions of Defendants in retaliating against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

    **WHEREFORE**, Plaintiff respectfully requests:

    A.     All wages and benefits Plaintiff would have received but for the retaliation, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

    B.     Compensatory damages in an amount to be determined at trial;

    C.     A permanent injunction enjoining the Defendant from engaging in the retaliatory practices complained of herein;

    D.     A permanent injunction requiring Defendants to promote Plaintiff to Master Sergeant;

    E.     A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII;

    F.     The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

    G.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

H.      Such other relief as the Court may deem just or equitable.

## COUNT III

### (Age Discrimination in Employment Act Violation
### v. ISP)

92.     Plaintiff restates and realleges by reference paragraphs 1 through 79 above as though fully set forth herein.

93.     At all relevant times, Defendants were and are an "employer" within the meaning of the ADEA.

94.     At all relevant times, Plaintiff was employed by Defendants and was an "employee" of Defendants within the meaning of the ADEA.

95.     Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission alleging age discrimination more than sixty (60) days prior to bringing this claim.

96.     Defendants acted intentionally and in bad faith when denying Plaintiff promotions based on his age.

97.     By reason of the foregoing, Plaintiff was discriminated against because of his age in violation of 29 U.S.C. § 623(a).

98.     Defendants' conduct has resulted in damages to Plaintiff including but not limited to lost wages and benefits, future pecuniary losses, attorneys fees, and other damages.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the ADEA violations, including but not limited to back pay, front pay, pre-judgment interest, and restoration of job assignments;

B. A permanent injunction enjoining Defendants from engaging in the practices complained of herein;

C. A permanent injunction requiring Defendants to promote Plaintiff to Master Sergeant;

D. A permanent injunction requiring that Defendants adopt employment practices and policies in accord and conformity with the requirements of the ADEA;

E. The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F. An award of reasonable attorneys' fees, costs, and litigation expenses; and

G. Such other relief as the Court may deem just or equitable.

## COUNT IV

**(§ 1983 Violation of Equal Protection**
**v. Defendants Leo P. Schmitz, James Winters,**
**Christopher Trame, and Darryl Bogard, in their official and individual capacity)**

99.	Plaintiff restates and realleges by reference paragraphs 1 through 79 above as though fully set forth herein.

100.	Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the terms and conditions of Plaintiff's employment.

101.    The actions of Defendants against Plaintiff violate his equal protection right to be free from race discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

102.    The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983.

103.    The actions of Defendants in intentionally engaging in and condoning discrimination against Plaintiff based on his rage caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A.    All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

B.    Compensatory damages in an amount to be determined at trial;

C.    A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

D.    A permanent injunction requiring Defendants to promote Plaintiff to Master Sergeant;

E.    A permanent injunction requiring the Defendants adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. § 1983;

F.    The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G.      Punitive damages as allowed by law against Defendant Bogart;

H.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

I.      Such other relief as the Court may deem just or equitable.

Respectfully Submitted,

BRAD SPRAGUE

*/s/Jacob D. Exline*

_____

Plaintiff's Attorney

*Electronically filed on October 3, 2018*

Dana L. Kurtz, Esq. (ARDC #6256245)
Heidi Karr Sleper, Esq. (ARDC #6287421)
Jacob Exline, Esq. (ARDC #6326874)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, IL 60521
Phone: (630) 323-9444
Fax: (630) 604-9444
Email: dkurtz@kurtzlaw.us
Email: hsleper@kurtzlaw.us
Email: jexline@kurtzlaw.us

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT** was served upon the following named individuals by email on October 3, 2018.

Jeffrey Freeman                JFreeman@atg.state.il.us

/s/ ***Jacob D. Exline***

_____

Attorney for Plaintiff

20